UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARQUITA BIBBS *for Herself and as a
Mother and Natural Guardian of plaintiffs*
QUE'ARACH BIBBS and ALEXIS GREEN,

                        Plaintiffs,

          v.                                    **DECISION AND ORDER**
                                           13-CV-136-A

RENT-A-CENTER EAST, INC.,

                        Defendant.
_____

      This personal injury action is pending on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs allege defendant, a rent-to-own home furnishings supplier, negligently supplied to plaintiff Alexis Green a sofa infested with bed bugs that injured plaintiffs Alexis Green and Que'arach Bibbs, and that caused plaintiff Marquita Bibbs to incur expenses for, and to suffer lost services and society from, her injured daughter, plaintiff Que'arach Bibbs. Plaintiffs claim damages of $750,000.

      The action is before the Court for consideration of a Report and Recommendation of Magistrate Judge Hugh B. Scott recommending that the Complaint of plaintiffs be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may granted, and for resolution of objections to the Report and Recommendation filed by plaintiffs. The standard of review of a magistrate judge's report and recommendation is *de novo* for any findings to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *see*

*United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). The Court reviews unobjected-to findings for clear error. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

After careful review of the Report and Recommendation, the Court adopts the Report and Recommendation in part, rejects it in part, and recommits the action to the Magistrate Judge. This Decision and Order assumes familiarity with the Report and Recommendation, with the pleadings relevant to the motion to dismiss, and with plaintiffs' objections.

Well-pleaded allegations of a complaint are accepted as true for purposes of a motion to dismiss, but do not reflect findings of the Court. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). This Decision and Order reflects no opinion as to the merit, or lack of merit, of plaintiffs' allegations.

Having carefully considered the reasoning of the Report and Recommendation on the Rule 12(b)(6) motion of defendant Rent-a-Center East, Inc., to dismiss the negligence claim of Alexis Green for failure to state a claim upon which relief can be granted, the Court adopts the recommendation. The negligence claim of Alexis Green is dismissed for the reasons stated in the Report and Recommendation upon clear error review and no further discussion is required.

However, the Court rejects the Report and Recommendation, in part, because the Court is unable to find from the Complaint upon *de novo* review that defendant Rent-a-Center had no common law duty of care running to members of a household to which defendant had supplied furniture. The Court therefore rejects the

recommendation to grant the Rule 12(b)(6) motion of defendant to dismiss the negligence claim of plaintiff Que'arach Bibbs and the derivative claim of Marquita Bibbs.

Whether defendant Rent-a-Center East, Inc., owes a duty of care to plaintiffs involves threshold legal questions. *Gilson v. Metropolitan Opera*, 5 N.Y.3d 574, 576-77 (2005); *Guest v. Holka,* 603 F.3d 15, 21 (2d Cir. 2010). Both "[t]he existence and scope of an alleged tortfeasor's duty [are], in the first instance, . . . legal question[s] for determination by the courts." *Sanchez v. State of New York,* 99 N.Y.2d 247, 252 (2002) (*internal citation omitted*); *DiPonzio v. Riordan,* 89 N.Y.2d 578, 583 (1997). That these are threshold legal questions does not mean the existence and scope of an alleged common law duty can be determined at the pleading stage of the action.

In this case, it may be inferred from the Complaint that defendant Rent-a-Center, Inc., operated under a standard of care requiring it to inspect furniture being delivered to customers, and that such an inspection would have revealed a hazardous "infestation" of bed bugs. The Rule 12(b)(6) motion of defendant to dismiss the First Cause of Action of the Complaint on behalf of plaintiff Que'arach Bibbs and the Second Cause of Action on behalf of Marquita Bibbs is therefore denied. The record in this case is insufficient to permit a threshold finding as a matter of law that no duty of care existed, or that plaintiffs Que'arach Bibbs and Marquita Bibbs were not foreseeable plaintiffs who were within the scope of a duty of care.

There is no evidence before the Court showing the contours of the common law standard of care defendant Rent-a-Center East, Inc., owes its customers.  There is no evidence before the Court showing whether that standard of care ran to plaintiffs.  Lack of such evidence at the pleading stage is not a ground to find that no common law duty of care was owed to plaintiffs.  Of course, whether an applicable standard of care was breached in some way that injured plaintiffs is an entirely distinct question of fact.  *See Darby v. Compagnie Nat'l Air France*, 96 N.Y. 2d 343, 347 (2001).

For the foregoing reasons, the Court adopts the Report and Recommendation, Dkt. No. 23, as modified in this Decision and Order.  The Clerk shall amend the caption of the case to remove Alexis Green as a plaintiff.  The Court recommits the action to the Magistrate Judge for further pretrial proceedings pursuant to the terms of the Court's prior referral Order.

**IT IS SO ORDERED.**

                                    *Richard J. Arcara*
                                HONORABLE RICHARD J. ARCARA
                                UNITED STATES DISTRICT COURT

Dated:   September 23, 2014